UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
JUL 27 2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| JULIE A. FISH, | ) |
| Defendant. | ) 4:16CR326 RWS/NAB |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

### INTRODUCTION

At all times material hereto:

1. The defendant, Julie A. Fish, resided in Ellisville, Missouri, which is located in St. Louis County, within the Eastern District of Missouri.

2. On February 26, 2014, the defendant, Julie A. Fish, filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code, in the United States Bankruptcy Court from the Eastern District of Missouri, in the proceeding entitled *In re Julie A. Fish*, Case. No. 14-41200. The defendant Julie A. Fish signed the bankruptcy petition, declaring under penalty of perjury that the information provided in the petition was true and correct.

3. When a person files a bankruptcy case, she is referred to as a "debtor."

4. The filing of a bankruptcy creates a "bankruptcy estate," which includes all rights, title, shares or interest in property owned by a debtor at the time the bankruptcy petition is filed. The property in a debtor's bankruptcy estate, which is also referred to as a debtor's "assets," is administered by a bankruptcy trustee.

5. When a debtor files a Chapter 7 bankruptcy petition, the debtor must disclose all property, claim any exemptions, and then allow the bankruptcy trustee to sell all the non-exempt property (a process called "liquidation") and expeditiously pay creditors as much as possible.

6. On or about February 26, 2014, the defendant, Julie A. Fish, filed and caused to be filed schedules in support of her bankruptcy petition. The defendant, Julie A. Fish, signed the Declaration Concerning Debtor's Schedules, declaring under penalty of perjury that the schedules were true and correct.

7. In "Schedule A – Real Property," the defendant, Julie A. Fish, listed real property at 227 Robins Song, Ellisville, Missouri to have a value of $145,000. The property sold for $289,900.

8. In "Schedule B – Personal Property," which required the defendant to list "all personal property of the debtor of whatever kind," the defendant responded:

    a. "Wearing apparel." The defendant listed "Clothes" valued at $80.00.

    b. "Furs and jewelry," The defendant listed "Ladies Costume Jewelry" and entered a value of $120.00.

9. When a debtor files for bankruptcy, she must submit to a meeting conducted by the trustee assigned to administer their bankruptcy case (the 341(a) meeting of creditors). The defendant testified under oath that the schedules that had been filed were accurate.

10. In June, 2014, Women's Closet Exchange issued the defendant a check for $13,000 for merchandise the defendant sold. Women's Closet Exchange purchases clothing, handbags, shoes, jewelry, belts, hats, and accessories.

11. Between August 12, 2011 and February 12, 2014, the defendant, Julie A. Fish, purchased at least $19,000 in jewelry.

12. On November 20, 2013, the defendant purchased a Michelle watch from Saks Fifth Avenue for $1,820.00. The defendant did not list the watch in the personal property

schedule filed with the court on February 24, 2014. On or about July 6, 2014, the defendant, Julie A. Fish, filed or caused to be filed an amended schedule of personal property and added jewelry that she described as being in "poor condition," "poor quality," "low quality," "cheap setting," and valued the jewelry at $525.00. The defendant listed the watch in the amended schedule as "a Michelle Watch with poor quality diamond chips $50.00."

13. On or about December 12, 2013, the defendant, Julie A. Fish, paid $172.95 to have a ruby/diamond 18 karat gold ring resized. The defendant did not report the ring as jewelry on the personal property schedule filed on or about February 26, 2014, nor did the defendant report that she had otherwise disposed of the ring in the two years preceding the bankruptcy filing.

14. On or about December 31, 2013, the defendant, Julie A. Fish, paid $74.00 to have a silver and gold pearl ring resized. The defendant did not report the ring as jewelry on the personal property schedule filed on or about February 26, 2014; nor did the defendant report that she had otherwise disposed of the ring in the two years preceding the bankruptcy filing.

15. On or about January 16, 2014, the defendant, Julie A. Fish paid $193.33 to have a tanzanite ring with diamonds around the center and all the way to the shank be resized. The defendant did not report a tanzanite ring as jewelry on the personal property schedule filed on or about February 26, 2014, however, the defendant reported a tanzanite ring on a personal property schedule filed on or about July 6, 2014. The defendant valued a tanzanite ring at $50.00.

16. The defendant did not list an 18k sapphire and diamond ring in the personal property schedule filed on or about February 26, 2014. In her amended schedule, in addition to the poor quality jewelry listed, the defendant listed a "Wedding Sapphire Ring" valued at $900.00. On or about August 24, 2011, the defendant delivered the same "Wedding Sapphire Ring" to Huffords Jewelry to be sold on consignment for $9,500. The defendant indicated that she would accept $8,000 in payment for the ring. The ring was returned to the defendant on or

about February 12, 2012 and was still in the defendant's possession at the time the personal property scheduled was filed on or about February 26, 2014.

17. On or about November 20, 2013, the defendant, Julie A. Fish, delivered several items of jewelry valued at over $8,000 to Huffords Jewelry to be sold on consignment.

18. On or about January 20, 2014, Huffords sold a pair of Temple St. Clair angel 18k earrings with diamonds for $945. The defendant did not report that she had sold the earrings in the two years preceding the bankruptcy filing.

19. On or about March 14, 2014, Huffords Jewelry sold a Roberto Coin mini appasionata 18 karat ring with three diamond bars on the defendant's behalf. The defendant was paid $1,225 as a result of the sale. The defendant did not list the ring in the personal property schedule filed on or about February 26, 2014.

20. On or about August 2, 2014 a Temple St. Clair angel 18 karat gold pendant with diamonds was returned to the defendant after having been listed for sale with Huffords Jewelry for $3,750. The defendant did not list the pendant in the personal property schedule filed on or about February 26, 2014.

21. On or about January 14, 2014, the defendant sold seven pieces of jewelry to Kazanjian & Fogarty for $1,400. The defendant did not report that she had sold the jewelry in the two years preceding the bankruptcy filing.

22. On or about February 4, 2014, the defendant sold six pieces of jewelry to Kazanjian & Fogarty for $1,850. The defendant did not report that she had sold the jewelry in the two years preceding the bankruptcy filing

## THE SCHEME

23. Beginning in approximately November, 2013, and continuing until September, 2015, the defendant, Julie A. Fish, having devised and intending to devise a scheme and artifice to defraud her creditors, and for the purpose of executing and concealing such a scheme and

artifice, and attempting to do so, filed and caused to be filed documents in the proceeding In re Julie A. Fish, No. 14-41200; to wit, Schedules A and B of the bankruptcy schedules filed on or about February 24, 2014.

24. In furtherance of her scheme to defraud, the defendant, Julie A. Fish, filed and caused to be filed the bankruptcy petition on or about February 24, 2014.

25. As part of the scheme to defraud, the defendant, in preparation for the bankruptcy filing, sold thirteen pieces of jewelry to Kazanjian & Fogarty.

26. As part of the scheme to defraud, the defendant, Julie A. Fish, in preparation for the bankruptcy filing, delivered several items of valuable jewelry to Huffords Jewelry to be sold on consignment.

27. As part of the scheme to defraud, the defendant, Julie A. Fish, failed to list the items of jewelry in the possession of Huffords Jewelry as her personal possessions.

28. As part of the scheme to defraud, the defendant, Julie A. Fish, failed to list clothing, handbags, shoes, jewelry, belts, hats, and/or accessories that belonged to her of a value of at least $13,000.

29. As further part of the scheme to defraud, the defendant, Julie A. Fish, failed to list on her February 26, 2014 schedule of personal property a ring that was in her possession and had previously been offered for sale at Huffords Jewelry for $9,500.

30. As further part of the scheme to defraud, the defendant, Julie A. Fish, significantly undervalued the home that she owned at 227 Robins Song, Ellisville, Missouri.

## COUNT I
(Bankruptcy Fraud)

31. The allegations contained in paragraphs 1 through 30 are re-alleged and incorporated as if fully set forth in this paragraph.

28. On or about and between November 2013, and May 2016, both dates being approximate and inclusive, within the Eastern District of Missouri, the defendant,

**JULIE A. FISH,**

voluntarily and intentionally devised and intended to devise a scheme and artifice to defraud by failing to disclose valuable jewelry, other personal property, and income in her bankruptcy case, *In re Julie A. Fish*, Case No. 14-41200, and for the purpose of executing and concealing said scheme and artifice and attempting to do so, the defendant filed a petition and a document under Title 11, United States Code; in violation of Title 18, United States Code, Section 157.

## COUNT II
(False Statement in Bankruptcy)

29. The allegations contained in paragraphs 1 through 30 are re-alleged and incorporated as if fully set forth in this paragraph.

30. On or about February 26, 2014, within the Eastern District of Missouri, the defendant,

**JULIE A. FISH,**

knowingly and fraudulently made and caused to be made, a material false declaration, verification, and statement under the penalty of perjury, as permitted under Title 28, United States Code, Section 1746, in and in relation to a case under Title 11, *In re Julie A. Fish*, Case No. 14-41200, by submitting Schedules of Assets and Liabilities and a Statement of Financial Affairs, in which the defendant fraudulently listed the value of the real property located at 227 Robbins Song, Ellisville, Missouri as $145,000; in violation of Title 18, United States Code, Section 152(3).

## COUNT III
(Concealment of Bankruptcy Assets)

31. The allegations contained in paragraphs 1 through 30 are re-alleged and incorporated as if fully set forth in this paragraph.

32. On or about February 26, 2014, within the Eastern District of Missouri, and elsewhere, the defendant,

**JULIE A. FISH,**

knowingly and fraudulently concealed personal property belonging to the debtor from creditors and others, in connection with a case under Title 11, *In re Julie A Fish*, Case No. 14-41200, that is: jewelry and other personal property; in violation of Title 18, United States Code, Section 153(1).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

33. Pursuant to Title 18, United States Code, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 152 as set forth in Counts II, and III of this Indictment, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

34. Money Judgment: Subject to forfeiture is a sum of money equal to the total value of property, real or personal, constituting or derived from any proceeds traceable to such violation.

35. If any of the property described above, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
JEANNETTE S. GRAVISS, #44483MO
Assistant United States Attorney